UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URIE NORRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DONNY YOUNGBLOOD, ET. AL.,<br><br>　　　　　Defendants. | Case No.  1:21-cv-00904-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION<br><br>(Doc. No.  11) |

　　　　Pending before the Court is Plaintiff's motion filed on July 9, 2021 (Doc. No. 11, "Motion").  In the instant Motion, Plaintiff complains that correctional officials working in the mailroom at the county jail tampered with his mail from September 2020 to April 2021, failed to notify him of mail, refused mail, and delayed or jeopardized his case by removing pages from his complaint.  (*Id.*).  Plaintiff seeks "sanctions" such as unspecified injunctive relief for better prisoner mail practices/policy and monetary damages of $300,000.

　　　　Plaintiff initiated this action as a state prisoner by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983, while detained at the Kern County Lerdo Detention Facility on June 7, 2021.  (Doc. No. 1 at 1).  The Complaint identifies as Defendants: Donny Youngblood, Kern County Sheriff; the Medical Chief; and Kern County Sheriff Administration and generally complains about the conditions of Plaintiff's confinement, including dirty floors, stained walls, stained bed sheets, and no access to cleaning supplies.  Plaintiff states that when he complained

about the living conditions, he was moved to a cell with no running water in retaliation.  Plaintiff is no longer confined in the Kern County Lerdo Detention Facility.

This case remains in the early stages of litigation and a §1915 screening order has not yet issued in this case.  The claims in the instant Motion are not related to the incident giving rise to the cause of action alleged in the complaint—primarily cruel and unusual conditions of confinement and retaliation after complaining about the conditions of his confinement.  To the extent Plaintiff believes pages of his complaint were removed from the instant cause of action, Plaintiff can cure the issue, if he deems appropriate, by following the Court's procedural rules. *See* Fed. R. Civ. P. 15 (authorizing plaintiffs to file a first amended complaint as a matter of right, and thereafter, with either the parties' consent or a motion to amend).  To the extent Plaintiff believes his mail was interfered with and the interference violated his First Amendment rights, he may file a separate complaint regarding those unrelated claims after he has exhausted his administrative remedies.

Accordingly, it is **ORDERED:**

Plaintiff's motion (Doc. No. 11) is DENIED.

Dated:    August 2, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2