1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   URIE NORRIS,                          Case No.  1:21-cv-904-HBK

12              Plaintiff,                  ORDER DENYING PLAINTIFF'S MOTION
                                           FOR SANCTIONS;
13        v.
                                           ORDER DIRECTING CLERK TO STRIKE
14   DONNY YOUNGBLOOD, ET. AL.,            FIRST AMENDED COMPLAINT; AND

15              Defendants.                 ORDER DIRECTING PLAINTIFF TO FILE A
                                           FIRST AMENDED COMPLAINT OR
16                                         NOTICE FOR COURT TO SCREEN HIS
                                           INITIAL COMPLAINT
17
                                           TWENTY-ONE DAY DEADLINE
18
                                           (Doc. Nos.  15, 16)
19

20

21        Pending before the Court is Plaintiff's second motion for sanctions, filed August 3, 2021.

22   (Doc. No. 15).  Plaintiff's motion pertains to mail-related issues and tampering he believes

23   occurred at Kern County Leardo Jail.  (*See generally Id.*).  The Court previously entered an order

24   on August 2, 2021 denying Plaintiff's first motion for sanctions that addressed the same

25   allegations.  (*See* Doc. No. 13).  It appears the Court's August 2, 2021 Order and Plaintiff's

26   August 3, 2021 second motion for sanctions may have passed in the mail.  For the reasons set

27   forth in the Court's August 2, 2021 Order and incorporated herein by reference, Plaintiff's second

28

1   motion for sanction is also denied.  Further, any relief concerning mail tampering violations at

2   Kern County Leardo Detention Facility would be moot because Plaintiff is now incarcerated at

3   the California Rehabilitation Center.  (*See* generally docket, Doc. No. 13 at 1-2).

4   　　　The docket also reveals that Plaintiff filed a First Amended Complaint ("FAC") on August

5   12, 2021.  (Doc. No. 16).  The Court has not yet screened Plaintiff's initial complaint under 28

6   U.S.C. § 1915A.  The initial complaint raised claims stemming from Plaintiff's conditions of

7   confinement at the county jail, e.g., stained walls, dirty sheets, etc.  (*See generally* Doc. No. 1).

8   The FAC adds a First Amendment claim related to the mail tampering but refers the Court to

9   Plaintiff's previous Eighth Amendment conditions of confinement claims set forth in his initial

10   complaint.  (*Compare* Doc. Nos. 1, 16).   Thus, the FAC is not a free-standing complaint because

11   it does not include of Plaintiff's claim but instead refers back to the initial complaint.  Because

12   the FAC is not a proper pleading, the Court will direct the Clerk to strike the FAC.

13   　　　Nonetheless, the Court recognizes that Plaintiff has a right to file an amended complaint

14   before service or response to his original complaint.  Fed. R. Civ. P. 15(a).  Consequently,

15   Plaintiff may file a proper first amended complaint as a freestanding document.  Plaintiff should

16   be aware that the Federal Rules of Civil Procedure permit complaints to include only *related*

17   *claims* against a party and permit joinder of all defendants alleged to be liable for the "same

18   transaction, occurrence, or series of transactions or occurrence" where "any question of law or

19   fact common to all defendants will arise in the action."  Fed. R. Civ. P. 18(a) and 20(a)(2)

20   (emphasis added).  The Rules do not permit conglomeration of unrelated claims against unrelated

21   defendants in a single lawsuit.  Unrelated claims must be filed in separate lawsuits.  Preliminarily

22   it appears that Plaintiff's First Amendment mail tampering claim is not related to his Eighth

23   Amendment conditions of confinement claims because they involve different facts, that occurred

24   at different times and involve different defendants.  Thus, Plaintiff must decide whether he wishes

25   to pursue his conditions of confinement claims set forth in the initial complaint or the mail

26   tampering claims referenced in the FAC and set forth in his motions for sanctions.  Plaintiff then

27   may file a separate complaint on his unrelated action.

28   　　　///

1    Accordingly, it is **ORDERED**:

2    1.  Plaintiff's second motion for sanctions (Doc. No. 15) is DENIED.

3    2.  The Clerk of Court is directed to strike Plaintiff's first amended complaint (Doc. No.

4    16).

5    3.  Within twenty-one days (21) of receipt of this Order, Plaintiff shall either file a free-

6    standing first amended complaint as set forth above for screening under 28 U.S.C. § 1915A or he

7    shall file a notice to the Court that he wishes the Court to screen his initial complaint (Doc. No. 1)

8    under 28 U.S.C. § 1915A.

9    4.  Failure to timely comply with this Order or explain non-compliance will result in the

10   recommendation that this case be dismissed for lack of prosecution.

11

12   Dated:  ___December 20, 2021___

13   HELENA M. BARCH-KUCHTA
     UNITED STATES MAGISTRATE JUDGE

3