UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| URIE NORRIS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DONNY YOUNGBLOOD, et al.,<br><br>　　　　　　Defendants. | Case No. 1:21-cv-00904- HBK (PC)<br><br>ORDER TO ASSIGN TO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO PROSECUTE[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Plaintiff Urie Norris is proceeding pro se and *in forma pauperis* in this civil rights action. For the reasons set forth below, the undersigned recommends the District Court dismiss this case without prejudice for Plaintiff's failure to prosecute this action.

**BACKGROUND**

Plaintiff Norris, a former state prisoner,[2] is proceeding pro se on his initial civil rights complaint under 42 U.S.C. § 1983 alleging that the conditions of his confinement amounted to cruel and unusual punishment under the Eighth Amendment. (Doc. No. 1, "Complaint"). On July 20, 2022, the undersigned screened Plaintiff's Complaint and found that it failed to state any cognizable claim. (Doc. No. 20). Plaintiff was given three options to exercise within twenty-one

---
[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).
[2] Plaintiff filed a notice of change of address which indicates he is no longer incarcerated. (Doc. No. 18).

1  (21) days from July 20, 2022: (1) file a First Amended Complaint ("FAC"); (2) file a notice that he intends to stand on his initial complaint subject to the undersigned recommending the district court dismiss for reasons stated in the July 20, 2022 Screening Order; or (3) file a notice to voluntarily dismiss this action, without prejudice, under Federal Rule of Civil Procedure 41(a)(1) because no defendant had yet been served. (*Id*. at 7-8, ¶ 1). The Court expressly warned Plaintiff that if he "fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action." (*Id*., ¶ 2). Plaintiff requested and was granted two generous extensions of time. (Doc. Nos. 23, 25).³ On March 29, 2023, the Court finding the deadline had passed and Plaintiff had shown neither excusable neglect nor good cause denied Plaintiff any further extensions of time, but permitted Plaintiff until April 10, 2023 to respond to the July 20, 022 screening order. (Doc. No. 27). The again warned Plaintiff that if he failed to file a response by April 10, 2023, "the undersigned will recommend that the district court dismiss this case without prejudice for Plaintiff failure to prosecute and comply with a court order." (Id. at 2, ¶ 2). As of the date of these Findings and Recommendations, Plaintiff has not filed a response to the July 20, 2022 screening order despite being afforded multiple and generous extensions of time.⁴

**APPLICABLE LAW AND ANALYSIS**

**A.  Legal Standard**

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). Similarly, the Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the

---

³ The Court first granted Plaintiff an extension of time until January 13, 2023 (Doc. No. 23) and then granted Plaintiff a second extension of time until March 16, 2023 (Doc. No. 25).
⁴ Because Plaintiff is no longer incarcerated, he is not entitled to the mailbox rule. Nonetheless, before issuing these Findings and Recommendations, the undersigned afforded Plaintiff seven days to mail his response.

2

inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B. Analysis**

The undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case. As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which was further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Because the Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Thus, the third factor, risk of prejudice

to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, weighing in favor of dismissal for a risk of prejudice to defendants.

Finally, the fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644.  Notably, the Court's July 20, 2022 screening order found the Complaint did not state a meritorious claim.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's July 20, 2022 screening order and November 21, 2023, February 16, 2023 and March 20, 2023 orders expressly warned Plaintiff that his failure to comply with the Court's orders would result in a recommendation for dismissal of this action.  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.  And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.  After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

According, it is **ORDERED:**

The Clerk shall randomly assign this case to a district judge for consideration of thsese Findings and Recommendations.

It is further **RECOMMENDED**:

This action be DISMISSED *without prejudice* for Plaintiff's failure to obey court orders

4

and failure to prosecute.

## NOTICE

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days of the date of service** of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  April 17, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE