**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| URIE NORRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>DONNY YOUNGBLOOD, et al.,<br><br>    Defendants. | Case No.: 1:21-cv-0904 JLT HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)<br><br>(Doc. 33) |

The Court entered judgment in this matter on May 12, 2023, following the Court's dismissal of Plaintiff's claims for failure to prosecute. (Docs. 29, 31, 32.) Plaintiff now moves to "set aside" the May 12, 2023 order. (Doc. 33 at 2.) Because the motion was filed within 28 days of the final judgment being challenged, the Court construes the motion as made pursuant to Federal Rule of Civil Procedure 59(e) to modify the judgment. (*Id.*)

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks, citation omitted). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district

1

court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona*, 229 F.3d at 883). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008) (internal quotation marks omitted).

Plaintiff does not dispute the underlying facts and analysis concerning his failure to prosecute thus action, which formed the basis of the Court's order. (*See generally* Doc. 33.) Rather, Plaintiff appears to challenge the order on the erroneous belief that the undersigned is the magistrate judge and improperly entered a dispositive order in his case. (*Id*. at 1.) In fact, Judge Helena Barch-Kuchta is the assigned magistrate judge in this matter. Though Plaintiff consented to U.S. Magistrate Judge jurisdiction (Doc. 14), the magistrate judge may not "order the entry of judgment" in a case until all parties have consented. *See* 28 U.S.C. 636(c). Because no defendant was served or consented to U.S. Magistrate Judge jurisdiction, the magistrate judge was not authorized to order entry of judgment. Accordingly, the undersigned, as the District Judge, issued the order adopting the Findings and Recommendations and dismissed this case for failure to prosecute.

Plaintiff also contends the Court made "several concrete and objective errors" in adopting the F&Rs for failure to prosecute. (Doc. 33 at 1-2.) Plaintiff points to Court's prior observation that Plaintiff's motion filed April 25, 2023 "purports to have been prepared by an attorney, Roger Lampkin." (*Id*. at 1.) Regardless, this observation—because Plaintiff's motion requested the Court to send all court records to Mr. Lampkin, and the fact that Lampkin is a licensed attorney—was not material to the Court's decision and cannot therefore be a basis for reversing the Court's order. *See* E.D. Cal. R. 230(j)) (requiring movant to set forth "material facts" warranting reconsideration).

Next, Plaintiff appears to disagree with the denial of his requests for an extension of time and for copies of his court documents. (*See* Doc. 33 at 1-2.) However, mere disagreement with a Court's ruling is insufficient to warrant reconsideration. *Cromer v. Songer*, 2016 WL 3351408, *1 (E.D. Cal. June 15, 2016); *see Collins v. D.R. Horton, Inc*., 252 F.Supp.2d 936, 938 (D. Ariz. 2003) (a motion for reconsideration cannot be used to ask the Court to rethink what the Court has already considered merely because a party disagrees with the Court's decision); *see also Leong v. Hilton Hotels Corp*., 689 F.Supp. 1572, 1573 (D. Haw. 1988) (mere disagreement with a previous order is an

insufficient basis for reconsideration). More importantly, Plaintiff does not directly address the underlying basis for the dismissal: his failure to respond to Judge Barch-Kuchta's Screening Order finding his initial Complaint failed to state a claim. (Doc. 29 at 2; Doc. 31 at 1.)

      Plaintiff failed to present newly discovered evidence, show the Court committed clear error, or argue an intervening change in controlling law that would necessitate alteration or amendment of the judgment. *Wood*, 759 F.3d at 1121. Rather, Plaintiff merely disputes the findings of the Court and renews arguments previously rejected by the Court, which is insufficient to support the relief requested. *See Gates v. Colvin*, 2017 WL 8220232, at *1 (C.D. Cal. Sept. 5, 2017) ("Mere disagreement with the result does not justify the filing of a Rule 59(e) motion.") (citing *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)). Accordingly, the Court **ORDERS**: Plaintiff's "motion to set aside JLT order" (Doc. 33), construed as a motion for relief under Rule 59(e), is **DENIED**.

IT IS SO ORDERED.

    Dated: **July 17, 2023**

                                                            UNITED STATES DISTRICT JUDGE